XING JIE IU, Petitioner,

v.

Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.

No. 07–1799–ag.

United States Court of Appeals, Second Circuit.

Dec. 13, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Michael Brown, New York, NY, for petitioner.

Peter D. Keisler, Assistant Attorney General, Anthony Norwood, Senior Litigation Counsel, Annette J. Clark, of counsel, Office of Immigration Litigation, Washington, D.C., for respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

Petitioner Xing Jie Iu, a citizen of the People's Republic of China, seeks review of an April 5, 2007 order of the BIA affirming the January 18, 2006 decision of Immigration Judge ("IJ") Alan Page, denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Xing Jie Iu,* No. A97 391 262 (B.I.A. Apr. 5, 2007), *aff'g* No. A97 391 262 (Immig. Ct. N.Y. City Jan. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's findings, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Jian Hui Shao v. BIA,* 465 F.3d 497, 500 (2d Cir.2006).

Here, the IJ's adverse credibility determination is supported by substantial evidence. The IJ relied upon several inconsistencies regarding Iu's claim that he suffered past persecution in China and feared future persecution as a result of his father's and his own involvement in Falun Gong. First, Iu provided varying statements in his airport and credible fear interviews and during his testimony before the IJ about how many times he had been arrested in China and for what reasons.[2] Before the IJ, for example, Iu tes-

---

2. Our review of the record of the airport      interview indicates that it was sufficiently reli-

tified that he had been arrested only once, on May 8, 2002. At his credible fear interview, however, Iu claimed he had been arrested more than twenty times; during his airport interview he said "a lot of times." This discrepancy was plainly material to Iu's claim and the IJ did not err in relying on it to support his adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Nor was the IJ compelled to credit the explanation for this discrepancy that Iu proffered. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ also properly relied upon a number of discrepancies between Iu's testimony and his asylum application, as well as an additional conflict between his testimony and evidence allegedly submitted by his brother. First, until specifically asked by the IJ, Iu failed to mention his father's October 1999 arrest, although he included this alleged arrest in his asylum application and he was asked on direct examination to specify "when ... you or your father ever [got] into trouble because of the practice of Falun Gong." Next, Iu testified that he went into hiding in July 2003 for a month before coming to the United States but he stated in his asylum application that he lived at his home address in China until August 2003, when he left the country. In addition, Iu failed to include in his asylum application that he was fired from his job because he practiced Falun Gong. He testified that his brother went into hiding in May 2002 and that he remained in hiding. His brother's affidavit, however, failed to mention this fact.

The Court generally will not disturb adverse credibility determinations that are

based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) (internal quotations omitted) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Here, the IJ based his determination on specific inconsistencies that were substantial when considered against the entire record. *See Secaida–Rosales,* 331 F.3d at 308–09 (to form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole). The IJ, moreover, reasonably considered the cumulative effect of these inconsistencies in making his adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (cumulative effect of inconsistencies may be considered by the fact finder). He properly gave Iu an opportunity to explain various inconsistencies, moreover, but nothing in the record suggests that a reasonable fact-finder would have been compelled to credit the explanations that Iu proffered. *See Majidi,* 430 F.3d at 80–81.

We conclude that the IJ's adverse credibility determination and his resulting denial of Iu's asylum application are supported by substantial evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006). Because Iu's withholding of removal and CAT claims were based upon the same factual predicate and also depended upon Iu's credibility, moreover, the adverse credibility determination in this case necessarily precludes success on

---

able to merit consideration in a credibility determination. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004). Assuming but not deciding that the same stan-

dards apply in the context of a credible fear interview, the record shows that the IJ properly considered statements made in the course of this interview as well.

these claims as well. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005)

Accordingly, the petition for review is DENIED. As we have completed our review, Iu's motion for a stay of removal is DISMISSED as moot, and his pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).